WILLIAM THOMAS & others *vs.* WILLIAM MINOT, Master in Chancery.

Under *St.* 1838, *c.* 163, § 21, where a partnership and its members are in insolvency under one commission, and the separate estate of one partner is more than enough to pay his separate debts, the surplus of that estate over such debts is to be added to the partnership estate, and applied to the payment of joint debts, before paying interest on the separate debts.

PETITION in equity, under *St.* 1838, *c.* 163, § 18, in behalf of all the creditors of Horace Gray and Nathaniel Francis, late copartners in business under the firm of Horace Gray & Co., insolvent debtors, to reverse an order by which the respondent, as a master in chancery, allowed out of Gray's separate estate the whole amount of the claims proved against that estate, with interest to the time of the order. It appeared, by the accounts of the assignees, that there was a balance of assets from Gray's separate estate, more than sufficient to pay all the claims allowed against it, including interest from the day of the first publication of notice to the time of the order; and that the assets of the partnership estate were insufficient to pay the debts allowed against it, without interest. Upon these facts the parties submitted the case to the decision of the court.

*E. R. Hoar*, for the petitioners. By § 3 of the *St.* of 1838, *c.* 163, the time of the first publication is fixed as the point of time to which interest is to be computed, and from which interest is to be discounted upon debts not then payable. By § 21, it is provided, that the separate estate shall be appropriated to pay the separate creditors, and the joint estate to pay the joint creditors; and if there shall be any balance of the separate estate of any partner, after payment of his separate debts, such balance shall be added to the joint stock for the payment of the joint creditors. As between creditors, or separate classes of creditors, " debts " means debts provable and proved under the provisions of the insolvent laws.

The provisions of the insolvent laws for distributing the

assets of insolvent debtors between creditors of a partnership and separate creditors, are, to a considerable extent, arbitrary; change, in important particulars, their common law rights; but are adhered to by the courts, without reference to particular cases of hardship. In the case of this very estate, their strict and literal enforcement has operated most injuriously to the partnership creditors, and those creditors are surely entitled to any slight compensating advantage. *Howe* v. *Lawrence*, 9 Cush. 553. *Somerset Potters Works* v. *Minot*, 10 Cush. 596, 597.

At common law, the partnership creditor could attach the separate property of the partner, and thus gain a priority over a separate creditor. *Allen* v. *Wells*, 21 Pick. 450. Under the insolvent law, a partnership creditor may have attached separate property, and thus secured it to the assignees, when his attachment is dissolved by the insolvency. *Purple* v. *Cooke*, 4 Gray, 120.

There is no provision in the insolvent law, contemplating that the estate shall gain anything by interest, and the assignees have no right to invest it for that purpose. *St.* 1838, *c.* 163, § 11. There is no provision for interest on preferred debts, or on costs in a suit by which property is held, so as to come to the possession of the assignee. Would those be entitled to interest till the date of distribution? The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. *Williams* v. *American Bank*, 4 Met. 323.

If interest could be allowed to separate creditors after the day of first publication, the question whether an insolvent should receive a discharge, or receive an allowance from his estate, might be affected by a delay over which he had no control. *Sts.* 1844, *c.* 178, § 4; 1848, *c.* 304, § 9; 1838, *c.* 163, § 8. *Baker's case*, 8 Cush. 109.

Interest after breach of contract, or action brought, is in the nature of damages; and there are no damages between different classes of creditors, parties to the same proceeding, to be regarded as arising from the delays necessarily incident to such proceeding. *Barringer* v. *King*, 5 Gray, 9. As an incident of the debt, at what rate of interest should the interest be cast,

when the debts have been contracted at different rates of interest, under different jurisdictions ?

This case is distinguishable from questions arising between all the creditors and the debtor, where the debtor proves to be in fact solvent, and able to pay all his debts with interest; whereas here the question concerns the respective rights of creditors in a particular fund, out of which, whether created by statute or contract, they are not entitled to interest as against each other. *Brown* v. *Lamb*, 6 Met. 203. *Williams* v. *American Bank*, 4 Met. 319, 320. *Buffum* v. *Deane*, 4 Gray, 388, 389.

The English rule in bankruptcy under a similar statute was not to allow interest to separate creditors, out of a surplus from the separate estate, until the joint creditors had been paid their debts as proved. *Ex parte Clarke*, 4 Ves. 677. *Ex parte Reeve*, 9 Ves. 590. St. 6 Geo. 4, *c.* 16, §§ 62, 132. *Ex parte Minchin*, 2 Glyn & J. 287. *Ex parte Rix*, Mont. 237. *Ex parte Wood*, 2 Mont., Deac. & De Gex, 283. Those decisions are to be followed in construing our statute. *Commonwealth* v. *Hartnett*, 3 Gray, 450.

*S. Bartlett & C. B. Goodrich*, for separate creditors of Gray. The basis of the rule established by *St.* 1838, *c.* 163, § 21, to apply the separate estate in the first instance to the payment of the separate debts, and the partnership estate to the payment of joint debts, is that each fund is appropriated to the payment of the debts contracted upon the faith of that property. The statute shows that the legislature contemplated the possibility of a surplus as between the two estates. The same equity extends to the payment of the interest as of the principal. It would be unjust to take away the interest from a creditor who has been kept out of his property without any fault of his own.

When interest is a part of the contract, or payable by mercantile usage, it is as much a debt as the principal, and may constitute a part of the original proof. Eden B. L. (2d ed.) 134. *St.* 1838, *c.* 163, § 3. Unliquidated damages are regarded as a debt in this commonwealth. *Milldam Foundry* v. *Hovey*, 21 Pick. 417.

The right of the assignees of the joint estate to receive the

surplus of the separate estate, after payment of the separate creditors, is derived through the insolvent debtor, and cannot be greater than his right. No surplus exists until after payment of the separate creditors in full, principal and interest. 1 Cooke B. L. (8th ed.) 513, 514. Eden B. L. 391-393.

It is settled in this commonwealth that " debt" means principal and interest down to the time of distribution. *Brown* v *Lamb,* 6 Met. 203. It is true that that case arose between creditors and the debtor's personal representatives; but the reasoning of the court rests on the rights of the creditors, and applies as well to this case as to that. " Debt" cannot mean one thing when applied to the debtor, and another thing when applied to creditors. And see 1 Amer. Lead. Cas. (4th ed.) 526, note to *Selleck* v. *French.*

In *Williams* v. *American Bank,* 4 Met. 317, there was not enough to pay the debts, and there was no question of joint debts. *Buffum* v. *Deane,* 4 Gray, 385, turned upon the construction of a peculiar contract.

A creditor who has security by mortgage or pledge is entitled to interest until paid by sale or redemption, although payment may not be made until after the first publication of notice. *St.* 1838, *c.* 163, § 3. Eden B. L. 135. [SHAW, C. J. The estate is not to have the benefit of the surplus, without paying the pledgee in full.]

The allowance to the debtor is to be paid before the question of surplus can arise. *St.* 1838, *c.* 163, § 21. The argument founded upon the possible attachment of the separate estate by a partnership creditor goes too far, and would show that the whole principle of marshalling, directed by the statute, was wrong. The application of the petitioners is, in its effect and result, a prayer that the joint creditors may be allowed to prove *pro tanto* in competition with the separate creditors against the separate estate ; which cannot be allowed. *Ex parte Reeve,* 9 Ves. 588. *Somerset Potters Works* v. *Minot,* 10 Cush. 592.

The English rule in bankruptcy against allowing interest in such cases rests upon an early construction of the bankrupt act, that the whole debt, principal and interest, as of the date of the

commission, was the debt for the payment of which it was intended to provide. By that rule the surplus, if any, went to the bankrupt. The rule itself has been repeatedly disapproved by the courts ; and in the cases of most frequent occurrence has been controlled by statute. *Ex parte Boardman*, 1 Cox Ch. 275. *Bromley* v. *Goodere*, 1 Atk. 78. *Ex parte Champion*, 3 Bro. C. C. 436. *Ex parte Morris*, 1 Ves. Jr. 132. *Ex parte Mills*, 2 Ves. Jr. 300. *Ex parte Clarke*, 4 Ves. 677. *Ex parte Reeve*, 9 Ves. 588. *Lowndes* v. *Collens*, 17 Ves. 27. *Ex parte Koch*, 1 Ves. & B. 342. *Ex parte Boyd*, 1 Glyn & J. 285. *Ex parte Williams*, 1 Rose, 399. *Ex parte Cocks*, 1 Rose, 317. Eden B. L. 134, 391–394. 1 Deacon on Bankruptcy, (2d ed.) 287, 288, 292–295. *St.* 6 G. 4, *c.* 16, §§ 57, 132.

SHAW, C. J.* Distribution is to be made of the assets as they stand at the time of the dividend. The amount of assets which came from the private estate of Horace Gray is to be ascertained for purposes of distribution; and the amount of assets which came from the joint estate of Horace Gray & Co. is to be ascertained, including the interest which has accrued upon it, either by debts due to the estate drawing interest remaining unpaid, or by other increase in value of the assets.

The assets are to be distributed by comparing the separate assets with the debts of the separate creditors as proved; and if the amount is sufficient to pay the whole of the separate debts as proved, the surplus is to be added to the assets of the joint estate and distributed among the joint debts as proved. The same rule would apply if the assets of the joint estate were sufficient to pay the joint debts in full, and there was a deficit in the estate of one of the partners, leaving not enough to pay the separate debts.

As against the debtors, all being liable *in solido* to pay the partnership debts, all the creditors have a right to full payment. The difficulty arises where there is not sufficient to pay the whole.

---

* This case was argued on the 6th of January 1858, before all the judges except THOMAS and MERRICK, JJ

The relative claims of the classes of creditors are fixed by the liquidation and allowance of the joint and separate debts; and though these allowances are in fact settled afterwards, they all relate back to the day of liquidation, being the day of first publication of notice. The debts are to be paid as they stood then, whether on interest previously or not, whether due at a future day with interest or not; and interest is added or abated so as to ascertain the debts actually due at that time.

In the case before us, the private debts as liquidated and allowed are first to be paid in full out of the separate estate. Then the balance of that estate is to be distributed among the joint creditors. If there is a surplus as against both, then, before paying back that surplus to the debtor, as the creditors have a superior equity against him, that surplus would be applied in the same way; the interest accruing from the separate assets to the payment of the interest of the separate creditors from whose assets it arose; and that from the joint assets to the payment of the interest of the joint creditors. But it is hardly necessary to speculate on such a contingency. It is only alluded to to show the practicableness of the rule we have adopted.

Supposing the statute not to have made any express provision on the subject, or to leave the point in doubt, then we must ascertain the policy of the law, and in expounding the statute or supplying its deficiency we must resort to principle or to analogous cases. *Williams* v. *American Bank,* 4 Met. 317.

The result is, that the order of the master, in directing a dividend on the estate of Horace Gray & Co., allowing interest to the separate creditors of Gray out of his separate estate, be annulled and reversed; and that the master be directed to order that after the separate debts be paid in full, without interest computed, the balance, if not sufficient to pay the joint debts in full as proved, shall be distributed ratably among the joint creditors of Horace Gray & Co. *Decree accordingly.*